## Sweeney's Estate

Before Van Dusen, P. J., Klein, Bolger, Ladner, and Hunter, JJ.

*Henry J. J. Bellwoar, Jr.,* of *Bellwoar & Rich,* for petitioners.

*Walter B. Gibbons* and *Richard T. McSorley,* contra.

HUNTER, J., October 27, 1944.—Petitioners, testator's daughter, who is the life tenant, and her children, who are the primary remaindermen, pray that the sale of premises 1245 South 54th Street be enjoined for the reason principally that the sale would work a hardship on the life tenant by materially reducing her income.

The property was acquired at sheriff's sale in foreclosure of a $4,000 mortgage and is carried at its acquisition cost of $5,695.18, which includes the principal of the mortgage, interest from April 30, 1933, to June 1, 1936, the date of foreclosure, taxes, water rent, costs, and counsel fee in connection with the foreclosure.

The trustee has entered into an agreement of sale for the price of $3,600. Appraisements made in 1943 indicate that its value is between $3,300 and $3,500.

The average net annual income for the whole period since the acquisition of the property has been approximately $184, which average has risen to $255 during the last five years. The trustee points out, however, that there has been no allowance for depreciation; during the last five years the average annual cost of maintenance has been only $34, due to extensive improvements in prior years, and this cost of maintenance is far below the usual cost for dwellings of this type, and can reasonably be expected to increase in the years to follow. The property is in fair condition.

It is ordinarily the duty of a trustee to resell foreclosed real estate as soon as a fair value can be obtained. It is regarded as personal property and is not within the discretionary powers of the trustee as to the retention or sale of decedent-owned real estate.

While this application may be likened to an investment in real estate, we have no intention of giving it that effect. The property will continue to be held by the trustee as personal property and ultimately its proceeds will be distributed in accordance with the formula of Nirdlinger's Estate (No. 2), 327 Pa. 171, and the respective rights of life tenant and remaindermen are preserved as set forth in that decision.

We believe in matters of this kind that we should give consideration to the desires of the parties in interest. Petitioners are testator's daughter and her children, life tenant and remaindermen, respectively. No one but the trustee and the intended purchasers objects. True, there are contingent interests in remote issue who may take in substitution for deceased parents, but presumably the daughter and her children were more regarded by testator than far-off remaindermen.

As Judge Penrose said in Miller's Estate, 4 Dist. R. 328:

"As a rule the judgment of the owners of property as to what is most to their advantage, when they are of mature age and under no disability, is a safer guide than the theoretical opinions of persons, no matter how skilled, who have no personal interest."

We need not suggest what action we would take if the life tenant and remaindermen were opposed in their opinions, the price exceptional, the property rapidly deteriorating, etc., etc. Each case is sui generis.

In the instant case we respect the opinions of those primarily interested in the trust and believe their request is reasonable and proper in the circumstances, and that the life tenant should be afforded the substantial rents which the property produces.

In Schumann's Estate, 47 D. & C. 139, we refused a blanket order which would have restrained the trustee from making sale of any real estate held in the trust without the consent of the parties, and declined to in-

terfere with the exercise of the trustee's discretion. We did not intend by that decision to rule that we would in every case ignore the wishes of the parties.

The prayer of the petition is granted, the sale of premises 1245 South 54th Street is enjoined, and the agreement of sale set aside.

Sinkler, J., did not sit.